# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CONNIE W. ROSSVANES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-0822-CG-N |
| | ) |
| **EQUIPMENT SALES CORPORATION,** | ) |
| | ) |
| **Defendant** | ) |

## ORDER

This matter is before the court on defendant's appeal of the Magistrate Judge's order granting plaintiff's motion to amend the scheduling order. For the reasons stated below, the court finds that the Magistrate Judge's order should be reversed and plaintiff's motion to amend the scheduling order should be denied.

## BACKGROUND

Plaintiff filed this lawsuit on December 21, 2009. (Doc. 1). A Rule 16(b) Scheduling Order was entered on March 8, 2010. (Doc. 13). Under the 16(b) Order the deadline for discovery was September 1, 2010. Defendant filed a motion for summary judgment on September 9, 2010. (Doc. 25). The court issued an order setting the response and reply deadlines for defendant's motion. (Doc. 28). On September 13, 2010, counsel for defendant filed a notice of personal service of the court's order on plaintiff. (Doc. 29). On September 14, 2010, the court issued an order advising plaintiff that the court had learned that plaintiff's counsel, J. Charles Wilson, has been disbarred from practice as an attorney. (Doc. 33). In the September 14, 2010 order, the court also noted that

defendant's summary judgment motion and the court's order setting response deadlines for defendant's motion were mailed to or served on the plaintiff. The court ordered plaintiff to obtain new counsel or advise the court that she wishes to proceed without counsel by October 14, 2010. (Doc 33). Defendant's counsel reported that the last correspondence they had received from Mr. Wilson was on July 26, 2010, and that they had learned on August 25, 2010, that Mr. Wilson had been disbarred. (Doc. 34). On September 14, 2010, defense counsel reports that they were contacted by an attorney stating that he was considering representation of plaintiff. (Doc. 34). On October 12, 2010, Edward Smith, Esq., filed a Notice of Appearance on behalf of plaintiff (Doc. 37) along with a motion to re-open discovery (Doc. 38). A hearing was held on October 19, 2010.

## DISCUSSION

Upon a party's objection to any non-dispositive matter assigned to the Magistrate Judge, the district court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED.R.CIV.P. 72(a); Accord, San Shiah Enterprise Co., Ltd. v. Pride Shipping Corp., 783 F.Supp.1334, 1335 (S.D.Ala. 1992); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). This standard is considered a "very difficult one to meet." Thornton v. Mercantile Stores, 180 F.R.D. 437, 439 (M.D. Ala. 1998) (citing Tai-Pan Inc. v. Keith Marine, Inc., 1997 WL 714898, *11 (M.D. Fla. 1997)). The Magistrate Judge's orders "should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with 'the definite and

firm conviction that a mistake has been committed.'" Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459, 460 (M.D.Ala. 2001)(citations omitted).

District courts are required to issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b). "This order controls the course of the action…" FED. R. CIV. P. 16(d), and may be modified only "for good cause". FED. R. CIV. P. 16(b)(4). This "good cause standard... precludes modification of a scheduling order deadline unless it cannot 'be met despite the diligence of the party seeking the extension.'" Anderson v. Board of School Comm'rs of Mobile County, AL, 78 F.Supp.2d 1266, 1269 (S.D. Ala. 1999) (citations omitted). Plaintiff has the burden of showing that "extraordinary circumstances require it" and that "the parties have diligently pursued discovery." Williams v. Baldwin County Comm'n, 203 F.R.D. 512 (S.D. Ala. 2001); and (Doc. 13, ¶ 3).

In the instant case, plaintiff wants to reopen discovery because her prior counsel's failure "to even nominally pursue this case." (Doc. 38). However, plaintiff voluntarily chose her attorney as her representative and, therefore, cannot escape any deficiencies of her case by claiming negligence in the acts or omissions of her attorney. Link v. Wabash Railroad Co., 370 U.S. 626 (1962); see also Barger v. City of Cartersville, 348 F.3d 1289, 1295 (11th Cir. 2003) ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." quoting Link supra). Plaintiff's new counsel reports that plaintiff was notified that Mr. Wilson had been disbarred on approximately August 1, 2010. (Doc. 38). Yet plaintiff failed to move for any extensions or otherwise pursue her case either pro se or through new counsel until October 12, 2010. During that time, plaintiff was notified that defendant had moved for summary judgment and that her response to defendant's

3

motion was due by September 30, 2010. Plaintiff has not shown that she was diligent in pursuing discovery or offered any explanation why she could not have obtained the discovery she now seeks within the deadline set by the Rule 16(b) Scheduling Order.

The court acknowledges and is sympathetic to plaintiff's predicament – her attorney's disbarment surely surprised plaintiff and left her in a difficult position. However, as previously stated, plaintiff cannot salvage her case or avoid the consequences of her lack of diligence by pointing to her attorney's failings. See Hussain v. Nicholson, 435 F.3d 359, 364 (D.C. Cir. 2006) ("We sympathize with Hussain, the victim of Shaw's negligence, and with [Hussain's new counsel], who has tried hard to salvage her client's case. But as the Supreme Court has held, a party who voluntarily chooses his attorney "cannot ... avoid the consequences of the acts or omissions of this freely selected agent." citing Link supra).

Plaintiff also cannot excuse her own delay in taking any action to pursue her case once she discovered her attorney could not longer represent her. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (A pro se plaintiff "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," the same as any other litigant. ). Plaintiff did not pursue the discovery on her own, did not move for an extension of any deadlines and did not notify the court that her attorney could not longer represent her or that there was any kind of problem. Plaintiff has clearly not demonstrated "good cause" for reopening discovery. See Goolsby v. Gain Technologies, Inc., 362 Fed. Appx. 123, 131-132 (11th Cir. 2010) (pro se plaintiff failed to show good cause to amend scheduling order because he failed to explain why motions to amend schedule were not filed until after court's deadline); see also Keeler v. Florida Dept. of Health, 324 Fed. Appx. 850 (11th Cir. 2009) (applying Rule 16(b) good cause standard to pro se plaintiff). As such, the court finds

that the Magistrate Judge's order, granting plaintiff's motion to amend the scheduling order, was clearly erroneous and contrary to law.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's order dated October 20, 2010 (Doc. 42) is hereby **REVERSED** and plaintiff's motion to amend the scheduling order (Doc. 38) is **DENIED**.

Plaintiff is **ORDERED** to file her response, if any, to defendant's motion for summary judgment (Doc. 25) on or before **November, 8, 2010**. If the moving party deems it necessary to reply, the reply brief must be filed on or before **Nov. 15, 2010**.

This case will be put back on the December trial schedule with the pretrial to be held as originally set on **November 15, 2010, at 10:00 a.m.**

**DONE and ORDERED** this 25th day of October, 2010.

          /s/ Callie V. S. Granade
    UNITED STATES DISTRICT JUDGE